1  LOCKE LORD BISSELL & LIDDELL LLP
2  Conrad V. Sison (SBN: 217197)
   csison@lockelord.com
3  Nina Huerta (SBN: 229070)
   nhuerta@lockelord.com
4  300 South Grand Avenue, Suite 2600
5  Los Angeles, California 90071
6  Telephone:  213-485-1500
   Facsimile:   213-485-1200
7

**FILED**

**MAR 31 2010**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

8  Attorneys for Defendants
   DEUTSCHE BANK NATIONAL TRUST COMPANY
9  as Trustee for AMERICAN HOME MORTGAGE ASSETS
10 TRUST 2007-2 MORTGAGE BACKED PASS-THROUGH
   CERTIFICATE SERIES 2007-2, its assignees and/or successors,
11 and AMERICAN HOME MORTGAGE SERVICING INC.
12

13           UNITED STATES BANKRUPTCY COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15

16 In Re:                            )  CASE NO.  2:09-bk-22869-BR
                                     )
17 KEITH HARTMAN,                    )  Adv. No.  2:10-ap-01236-BR
                                     )
18         Debtor,                   )
                                     )  Hon. Barry Russell
19                                   )
                                     )
20 _____       )  **DEFENDANTS' MOTION TO**
                                     )  **DISMISS, OR IN THE**
21 KEITH HARTMAN, Debtor,            )  **ALTERNATIVE, FOR A MORE**
                                     )  **DEFINITE STATEMENT**
22         Plaintiff,                )
                                     )
23      vs.                          )  Date:      April 27, 2010
                                     )  Time:      2:00 p.m.
24 DEUTSCHE BANK NATIONAL            )  Place:     Courtroom 1660
25 TRUST COMPANY AS TRUSTEE          )
   FOR AMERICAN HOME MORTGAGE        )  Debtor's Complaint Filed: February 23,
26 ASSETS TRUST 2007-2 MORTGAGE      )  2010
   BACKED PASS-THROUGH               )
27 CERTIFICATE SERIES 2007-2, ITS    )
28 ASSIGNEES AND/OR SUCCESSORS       )
                                      1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1 | AND THE SERVICING AGENT          )
2 | AMERICAN HOME MORTGAGE          )
    SERVICING INC.; JOHN DOE; AND    )
3 | BLACK AND WHITE                  )
4 | CORPORATION, I-VI,               )
                                     )
5 |         Defendants.              )
                                     )
6 | _____ )

7 | **TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

8 | **PLEASE TAKE NOTICE** that on April 27, 2010 at 2:00 p.m., or as soon

9 | thereafter as the matter may be heard in the above-entitled Court, Defendants

10 | DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for AMERICAN

11 | HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE BACKED PASS-

12 | THROUGH CERTIFICATE SERIES 2007-2, its assignees and/or successors

13 | (hereinafter "Deutsche Bank") and AMERICAN HOME MORTGAGE SERVICING

14 | INC. (hereinafter "AHMSI") will bring for hearing before the Honorable Barry

15 | Russell, United States Bankruptcy Court Judge, in Courtroom 1660 of the United

16 | States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California, a

17 | Motion to Dismiss Debtor-Plaintiff Keith Hartman (hereinafter "Plaintiff") Debtor's

18 | Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

19 | failure to state a claim upon which relief can be granted.  By this Motion, Defendants

20 | seek an order from the Court granting the Motion and dismissing each of Plaintiffs'

21 | claims against Defendants with prejudice.  Alternatively, Defendants move that the

22 | Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e) of the

23 | Federal Rules of Civil Procedure on the grounds that Defendants cannot frame a

24 | responsive pleading without notice as to what wrongful conduct they are alleged to

25 | have committed.

26 | ///

27 | ///

28 | ///

1      This Motion is based on this Notice of Motion and Motion, the attached

2 Memorandum of Point and Authorities, the pleadings, papers and records on file in

3 this action and Bankruptcy Case No. 2:09-bk-22869-BR, and such oral argument as

4 may be presented at the time of the hearing on the Motion.

5

6 Dated: March 31, 2010          LOCKE LORD BISSELL & LIDDELL LLP

7

8

9         By: _____

10               Conrad V. Sison

                 Nina Huerta

11          Attorneys for Defendant DEUTSCHE BANK

12          NATIONAL TRUST COMPANY as Trustee

          for AMERICAN HOME MORTGAGE

13          ASSETS TRUST 2007-2 MORTGAGE

14          BACKED PASS-THROUGH

          CERTIFICATE SERIES 2007-2, its

15          assignees and/or successors and the servicing

16          agent AMERICAN HOME MORTGAGE

          SERVICING INC.

17

18

19

20

21

22

23

24

25

26

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
*Hartman v. Deutsche Bank Nation Trust Company, et al.*, Adv. No. 2:10-ap-01236-BR

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.      INTRODUCTION. ................................................................................................ 1

II.     FACTUAL AND PROCEDURAL BACKGROUND. ......................................... 2

III.    ARGUMENT. ...................................................................................................... 3

        A.      The Applicable Legal Standard. .............................................................. 3

        B.      Count One Brought Pursuant to 11 U.S.C. §506 Fails to State a
                Claim........................................................................................................ 4

        C.      Plaintiff's Third Count for Denial of Due Process and Fifth Count
                for "Public Policy" Are Without Merit. ................................................. 5

        D.      Plaintiff's "Contract" Count Must be Dismissed. .................................. 7

        E.      Plaintiff's "Standing" Count Has No Legal Basis and Must be
                Dismissed................................................................................................. 9

IV.     CONCLUSION. .................................................................................................. 12

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**_Federal Cases_**

*Andrade v. Wachovia Mortgage, FSB, No. 09-377 JM,*
  2009 WL 1111182 (S.D. Cal. Apr. 21, 2009) ............................................. 9

*Apao v. Bank of New York,*
  324 F.3d 1091 (9th Cir. 2003) ..................................................................... 5

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009)........................................................................... 3, 10

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1988) ....................................................................... 3

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................... 3, 10

*Brower v. Evans,*
  257 F.3d 1058 (9th Cir. 2001) ..................................................................... 6

*Candelo v. NDEX West, LLC,*
  No. 08-1916, 2008 U.S. Dist. LEXIS 105926 (E.D. Cal. Dec. 23, 2008)............... 11

*Cellars v. Pacific Coast Packaging, Inc.,*
  189 F.R.D. 575 (N.D. Ca. 1999)................................................................... 4

*Chavez v. Recontrust Company,*
  No. CV F08-1864, 2008 WL 5210896 ......................................................... 8

*Connors v. Home Loan Corp.,*
  2009 WL 1615989 (S.D. Cal. June 9, 2009) ................................................. 9

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
  525 F.Supp. 940 (E.D. Ca. 1981) ................................................................. 4

*Farahani v. Cal-Western Reconveyance Corp.,*
  No. 09-194, 2009 WL 1309732 (N.D. Cal. May 8, 2009) ........................... 11

*In re Henthorn,*
  299 B.R. 351 affirmed 127 Fed.Appx. 15, 2005 WL 293646 (E.D.Pa.2003)............ 4

*In re Joubert,*
  411 F.3d 452 (C.A.3 (Pa.) 2005) ................................................................. 4

*In re Stac Elecs. Sec. Litig.,*
  89 F.3d 1399 (9th Cir. 1996) ....................................................................... 3

*In re VeriFone Sec. Litig.,*
  11 F.3d 865 (9th Cir. 1993) ......................................................................... 3

*Kamp v. Aurora Loan Services,*
  2009 WL 3177636 (C.D. Cal. Oct. 1, 2009)................................................. 9

*Maguca v. Aurora Loan Servs.,*
  2009 U.S. Dist. LEXIS 104251 (C.D. Ca. 2009) ......................................... 8

*Meinhold v. United States DOD,*
  34 F.3d 1469 (9th Cir. 1994) ....................................................................... 5

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

ii

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

*Montoya v. Countrywide Bank, F.S.B.,*
No. 09-00641 JW, 2009 WL 1813973 (N.D. Cal. June 25, 2009) ............................. 8

*Moore v. City of Westminster,*
116 F.3d 1486, 1997 WL 242234 (9th Cir. 1997) ........................................................ 2

*Neal v. Juarez, No. 06-0055,*
2007 WL 2140640 (S.D. Cal. July 23, 2007) ............................................................ 11

*Nguyen v. LaSalle Bank Nat'l Ass'n,*
2009 U.S. Dist. LEXIS 99412 (C.D. Ca. 2009) ........................................................... 7

*NLRB v. Jones & Laughlin Steel Corp.,*
301 U.S. 1 (1937) .......................................................................................................... 6

*Owens v. Kaiser Foundation Health Plan, Inc.,*
244 F.3d 708 ................................................................................................................. 2

*Paek v Plaza Home Mortgage, Inc., et al.,*
2009 WL 1668576 ......................................................................................................... 9

*Pantoja v. Countrywide Home Loans, Inc.,*
No. 09-01615, 2009 U.S. Dist. LEXIS 70856 (N.D. Cal. July 9, 2009) ............ 10, 11

*Power & Irrigation Co. v. Capay Ditch Co.,*
226 F. 634 (9th Cir. 1915) ........................................................................................... 8

*Robertson v. Seattle Audubon Society,*
112 S. Ct. 1407 (1992) ................................................................................................. 6

*Rodriguez v. Litton Loan Servicing LP,*
No. 09-00029, 2009 WL 1326339 (E.D. Cal. May 12, 2009) .................................. 11

*San Diego Home Solutions, Inc. v. Reconstruct Co.,*
No. 08-1970 L, 2008 U.S. Dist. LEXIS 99684 (S.D. Cal. Dec. 10, 2008) .............. 11

*Salgado v. Garcia,*
384 F.3d 769 (9th Cir. 2004) ..................................................................................... 6, 7

*Shelley v. Kraemer,*
334 U.S. 1 (1948) .......................................................................................................... 5

*Sitanggang v. Indymac Bank, F.S.B.,*
No. 09-0367 LJO SMS, 2009 WL 1286484 (E.D. Cal. May 6, 2009) .................... 8, 9

*United States v. Young,*
153 F.3d 1079 (9th Cir. 1998) ...................................................................................... 5

*Walls v. Wells Fargo Bank, N.A.,*
276 F.3d 502 (9th Cir. 2002) ........................................................................................ 4

*Williams v. Babbitt,*
115 F.3d 657 (9th Cir. 1997) ........................................................................................ 6

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

***State Cases***

*California Trust Co. v. Smead Inv. Co.,*
   6 Cal. App. 2d 432 (1935) ........................................................ 11

*Commonwealth v. Saburo,*
   2002 MP 3 P12 ......................................................................... 6

*Dean Witter Reynolds v. Superior Court,*
   211 Cal. App. 3d 758 (1st Dist. 1989) ..................................... 8

*Jones v. Wells Fargo Bank,*
   112 Cal. App. 4th 1527(2003) ................................................. 8

*R.G. Hamilton Corp. v. Corum,*
   218 Cal. 92 (1933) ................................................................... 11

*U.S. Cold Storage,*
   165 Cal. App. 3d ...................................................................... 8

***Federal Statutes***

11 U.S.C. § 506 ....................................................................... passim
11 U.S.C. § 1123(b) ................................................................ 5, 6, 7
11 U.S.C. § 1322(b) ................................................................ 5, 6, 7

***Federal Rules***

Federal Rule of Civil Procedure 12(b)(6) .................................. 2
Federal Rule of Civil Procedure 12(e) ...................................... 1, 2, 3

***State Statutes***

CAL. CODE CIV. PROC. § 1691 .................................................. 8

***Misc.***

Howard R. Hawkins, Jr. & Ellen M. Halstead, Subprime Tempest in a Teapot: Recent
   Foreclosure Cases, 4 PRATT'S J. BANKR. L. 58, 59-60 (2008) ............... 11

LA:0102039/00000:644012v2

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
*Hartman v. Deutsche Bank Nation Trust Company, et al.,* Adv. No. 2:10-ap-01236-BR

1 | **MEMORANDUM OF POINTS AND AUTHORITIES**

2 | **I.    INTRODUCTION.**

3 | It is impossible to discern the basis of Plaintiff Keith Hartman's ("Plaintiff")

4 | Debtor's Complaint ("Complaint") against Defendants DEUTSCHE BANK

5 | NATIONAL TRUST COMPANY as Trustee for AMERICAN HOME MORTGAGE

6 | ASSETS TRUST 2007-2 MORTGAGE BACKED PASS-THROUGH

7 | CERTIFICATE SERIES 2007-2, its assignees and/or successors (hereinafter

8 | "Deutsche Bank") and AMERICAN HOME MORTGAGE SERVICING INC.

9 | (hereinafter "AHMSI") (collectively "Defendants") in light of the paucity of factual

10 | allegations set forth in the Complaint.  Defendants therefore bring this Motion because

11 | Plaintiff's Complaint fails to meet the basic pleading requirements imposed by the

12 | Federal Rules of Civil Procedure, and is vague, confusing, and indecipherable.

13 | Defendants move to dismiss these claims on that basis, or move alternatively for a

14 | more definite statement so as to allow them to prepare a reasonable response.

15 | Moreover, to the extent the nature of Plaintiff's complaints can be discerned

16 | from his indecipherable pleading, he fails to state any legally cognizable claims

17 | against Defendants.  Specifically, no private right of action exists under 11 U.S.C.

18 | §506 (Count One), and even if one did, Plaintiff's allegations, as cryptic as they are,

19 | reflect he has no interest in the mortgaged property which might be affected by the

20 | "valuation" he seeks, and no cause of action exists for "Impossibility and/or

21 | Frustration" (Count II), "Denial of Due Process Under the Fifth Amendment (Equal

22 | Protection Under the Law)" (Count III), "Standing" (Count IV), or "Public Policy"

23 | (Count V).

24 | Thus, the Complaint should be dismissed with prejudice because each of the

25 | claims fail for reasons that cannot be remedied by amendment.  In the alternative,

26 | Plaintiff should be required to provide a more definite statement pursuant to Federal

27 | Rule of Civil Procedure 12(e).

28 | ///

*(left margin, vertical text)* Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
*Hartman v. Deutsche Bank Nation Trust Company, et al.*, Adv. No. 2:10-ap-01236-BR

## II.    FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiff alleges that he filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code, which he allegedly later converted to a Chapter 7 Bankruptcy on August 14, 2009. (Complaint, ¶2.) The instant adversary proceeding arises from that bankruptcy and pertains to certain real property located at 16225 Ansmith Avenue, Paramount, California (hereinafter the "Subject Property") (Complaint, ¶5-6). Plaintiff contends that on December 8, 2006, he and purported "Lender, American Brokers Conduit" entered into an agreement for the purchase of the Subject Property. (Complaint, ¶5.) Plaintiff contends, "upon information and belief," that Deutsche Bank "is not the proper party representing the true party, original lender, American Brokers Conduit" and claims that Deutsche Bank, among other unspecified parties, is somehow conducting and transacting business "counter to those prescribed (sic) by the laws of the United States." (Complaint, ¶3-4.)

Based on this meager factual foundation, Plaintiff's Complaint asserts five purported "counts" for: (I) "Pursuant to 11 U.S.C. §506 the Court May Determine the Secured Claim of Real Property"; (II) "Contract (Impossibility and/or Frustration)"; (III) "Denial of Due Process Under the Fifth Amendment (Equal Protection Under the Law)"; (IV) "Standing"; and (V) "Public Policy." This Court has already entered its Order Granting Deutsche Bank's Motion for Relief from the Automatic Stay on December 31, 2009. (*See* Request for Judicial Notice, Exh. 1.) Plaintiff filed no opposition raising these so-called "counts," and Plaintiff did not appeal the Order. It is final, and Plaintiff's present claims are barred[1].

---

[1]    *See Moore v. City of Westminster*, 116 F.3d 1486, 1997 WL 242234 at *1 (9th Cir. 1997) (holding that res judicata applied when a prior action was dismissed based on an appellant's failure to timely file an opposition to the defendant's motion to dismiss); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (holding that dismissal of a prior action was an adjudication on the merits under Rule 41(b) because the appellant failed to file an opposition to a motion)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# III.    ARGUMENT.

Plaintiff has failed to state any claim against Defendants.  Fundamentally, the Complaint is devoid of any facts supporting any conceivable cause of action. Moreover, even if the minimal "facts" alleged were true, the claims would still fail as a matter of law.  As such, the Complaint should be dismissed with prejudice.

## A.    The Applicable Legal Standard.

Where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief, it must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (*quoting In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993)). Rather, the federal pleadings standard requires more than a "formulaic recitation of a cause of action's elements," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.  The minimal pleading threshold "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Alternatively, Defendants move pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for more definite statement on the grounds that Plaintiff's Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a proper response to the Complaint. *See* Fed. R. Civ. P. 12(e).  Plaintiff's threadbare Complaint is comprised of unintelligible and disjointed allegations which require conjecture as to the substantive basis of Plaintiff's alleged claims against Deutsche Bank and AHMSI.  Accordingly, a Rule 12(e) motion is proper where, as here, the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.  In such cases, a defendant cannot reasonably be expected to frame a

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

3

1  proper response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940,

2  949 (E.D. Ca. 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578

3  (N.D. Ca. 1999).

4  **B.    Count One Brought Pursuant to 11 U.S.C. §506 Fails to State a**

5  **Claim.**

6  Plaintiff brings his first count "[p]ursuant to 11 U.S.C. §506" and requests that

7  the Court determine the secured and unsecured value of the Subject Property.

8  (Complaint, p. 3, ¶12.)  Plaintiff specifically asks that the Court find that the secured

9  value of the Subject Property is "approximately $302,078.00" and the unsecured value

10  is "$200,922.00."  (Complaint, p. 3.)

11  Plaintiff's count under 11 U.S.C. §506 fails as a matter of law because no

12  private right of action exists under this Bankruptcy Code provision. *See Walls v.*

13  *Wells Fargo Bank, N.A.*, 276 F.3d 502, 506-09 (9th Cir. 2002) (holding that no private

14  right of action exists under section 524 even when coupled with section 105); *In re*

15  *Henthorn*, 299 B.R. 351, 355-56, *affirmed* 127 Fed.Appx. 15, 2005 WL 293646

16  (E.D.Pa.2003) (Congress did not intend to provide Chapter 13 debtors with implied

17  private right of action for mortgagee's alleged improper collection of post-petition fees

18  in violation of bankruptcy statute governing rights of oversecured creditors, whether

19  under this statute itself or pursuant to statute authorizing court to enter "necessary or

20  appropriate" orders, debtors were not members of class for whose special benefit

21  statute was enacted, and private remedy was not consistent with underlying purpose of

22  legislation); *In re Joubert*, 411 F.3d 452, 455 (C.A.3 (Pa.) 2005) (11 U.S.C. §506,

23  which authorizes court to issue any order needed to carry out other Code provisions,

24  did not afford discharged Chapter 13 debtor with cause of action to redress over-

25  secured creditor's allegedly improper assertion of post-petition attorney fee claim after

26  plan confirmation but before discharge).  Moreover, even if a private right of action

27  existed, Plaintiff has failed to plead any conceivable claim.  Plaintiff concedes the

28  mortgaged property is worth less than the debt it secures.  He has no equity in the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

4

1   property to protect by his requested "valuation."  Accordingly, Count One should be

2   dismissed with prejudice.

3   **C.    Plaintiff's Third Count for Denial of Due Process and Fifth Count**

4   **for "Public Policy" Are Without Merit.**

5       Plaintiff's third count for "Denial of Due Process Under the Fifth Amendment"

6   is impossible to comprehend.  To the extent any claim can be discerned, however,

7   Plaintiff by this count seems to be seeking some judicial finding that the provisions of

8   11 U.S.C. §§ 1322(b) and 1123(b) which allow a bankruptcy plan to modify the rights

9   of holders of secured claims, *except* those claims secured by a security interest in the

10  debtor's principal residence, are discriminatory classifications and therefore

11  unconstitutional. (Complaint, p. 6.)  It appears that Plaintiff believes the *mere*

12  *application* of these Bankruptcy Code provisions to Plaintiff and his principal

13  residence is itself a denial of due process.

14      Plaintiff's due process claim is wholly without merit.  As a threshold matter,

15  Plaintiff cannot assert a claim for violation of his right to due process because

16  defendants Deutsche Bank and AHMSI are private parties.  The actions of private

17  parties are not subject to the requirements of constitutional due process unless they

18  can fairly be considered government action, which is not the case here. *See Shelley v.*

19  *Kraemer*, 334 U.S. 1, 13, (1948); *see also Apao v. Bank of New York*, 324 F.3d 1091,

20  1093 (9th Cir. 2003) (explaining that Fourteenth Amendment "shields citizens from

21  unlawful governmental actions, but does not affect conduct by private entities");

22  *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998) ("[t]he Fourth

23  Amendment limits searches conducted by the government, not by a private party,

24  unless the private party acts as an 'instrument or agent' of the government.")

25      Moreover, "[w]hen the constitutional validity of a statute or regulation is called

26  into question, it is a cardinal rule that courts must first determine whether a

27  construction is possible by which the constitutional problem may be avoided."

28  *Meinhold v. United States DOD*, 34 F.3d 1469, 1476 (9th Cir. 1994); *see also*

*Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071*

5

1  *Williams v. Babbitt*, 115 F.3d 657, 662 (9th Cir. 1997) ("[j]ust as we will not infer

2  from an ambiguous statute that Congress meant to encroach on constitutional

3  boundaries, we will not presume from ambiguous language that Congress intended an

4  agency to do so. . . .")  In other words, as between two possible interpretations of a

5  statute, by one of which it would be unconstitutional and by the other valid, it is the

6  court's duty to adopt that which will save the statute.  *Robertson v. Seattle Audubon*

7  *Society*, 112 S. Ct. 1407, 1414 (1992); *NLRB v. Jones & Laughlin Steel Corp.*, 301

8  U.S. 1, 30 (1937).

9        Furthermore, in construing federal statutes, courts must presume that "the

10  ordinary meaning of the words chosen by Congress accurately express its legislative

11  intent." *Salgado v. Garcia*, 384 F.3d 769, 771 (9th Cir. 2004); *Brower v. Evans*, 257

12  F.3d 1058, 1065 (9th Cir. 2001); *see also Commonwealth v. Saburo*, 2002 MP 3 P12

13  (holding that the legislature's intent "is to be sought for primarily in the language of

14  the act used and when the language expresses an intention reasonably intelligible and

15  plain, it must be accepted without modification by resort to construction or

16  conjecture").

17        Here, there is no ambiguity in the language of 11 U.S.C. §§ 1322(b) and

18  1123(b), and the express terms of the statutes demonstrate that Congress intended that

19  a plan of bankruptcy may not modify the rights of holders of secured claims against a

20  debtor's principal residence.  Further, even if the statute were ambiguous—which it is

21  not—Plaintiff's claim would still be precluded because the Court **must** presume that

22  Congress did not intend to permit any interpretation that, like the Plaintiff's here,

23  raises serious constitutional questions.

24        Plaintiff's fifth count for "Public Policy" is similarly obscure and confusing.

25  However, much like Plaintiff's "due process" count, Plaintiff appears to be

26  challenging the principal residence "exclusion" set forth in 11 U.S.C. §§ 1322(b) and

27  1123(b), and argues for the Court's application of 11 U.S.C. §506 to 11 U.S.C. §§

28  1322(b) and 1123(b) "as a matter of public policy."  (Complaint, ¶¶39-41.)  Plaintiff's

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

6

1    count fails in several respects. First, as discussed above, Congress never intended to

2    provide debtors with an implied private right of action under 11 U.S.C. §506. Second,

3    the Court must dismiss Plaintiff's second attempt—this time based on purported

4    "public policy" reasons—to challenge the explicit terms of 11 U.S.C. §§ 1322(b) and

5    1123(b), which the Court must presume accurately express the intent of Congress in

6    crafting these statutes. *See Salgado v. Garcia, supra*, 384 F.3d at 771.

7        For the foregoing reasons, Plaintiff's third and fifth counts must be dismissed

8    with prejudice.

9    **D.    Plaintiff's "Contract" Count Must be Dismissed.**

10        Under Plaintiff's "Contract" count, he alleges that upon executing the deed of

11    trust, the parties purportedly believed that (1) the Subject Property was worth

12    $503,000, and (2) would somehow maintain that value throughout the loan period.

13    (Complaint, ¶14-15.) In Plaintiff's view, because the Subject Property has since

14    devalued, there was no meeting of the minds, and he now asserts the defenses of

15    "impossibility and/or frustration," presumably against any action to enforce the terms

16    of the deed of trust. (Complaint, ¶16-18.)

17        Although it is not entirely clear what relief Plaintiff seeks in Count Two, or on

18    what basis Plaintiff believes he is entitled to such relief from Defendants Deutsche

19    Bank and AHMSI, it appears that Plaintiff is asking the Court—based on the defenses

20    of "impossibility and frustration"—to cancel, rescind, or declare void either the actual

21    loan agreement or the deed of trust acting as security for his mortgage loan. In

22    essence, Plaintiff is asking the Court to undo his loan transaction, bar any foreclosure

23    arising from Plaintiff's default on the loan, and formulate some kind of "equitable

24    adjustment." (Complaint, p. 4-5.)

25        As a preliminary matter, Plaintiff cannot state a claim because there is no

26    independent cause of action for what amounts to Plaintiff's attempt to affirmatively

27    assert a defense to enforcement of a contract. *See Nguyen v. LaSalle Bank Nat'l Ass'n*,

28    2009 U.S. Dist. LEXIS 99412, *28 (C.D. Ca. 2009) (a defense to enforcement of a

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

7

1   contract cannot form the basis for a substantive cause of action; *Maguca v. Aurora*

2   *Loan Servs.*, 2009 U.S. Dist. LEXIS 104251, *12 (C.D. Ca. 2009) (citing to *Jones v.*

3   *Wells Fargo Bank* (2003) 112 Cal. App. 4th 1527, the court found "there is no cause

4   of action for unconscionability" and the "doctrine is only a defense to contract

5   enforcement"); *see also Dean Witter Reynolds v. Superior Court*, 211 Cal. App. 3d

6   758, 766 (1st Dist. 1989) (holding that unconscionability is a defense and that the

7   codification of this defense did not create an affirmative cause of action.)  For this

8   reason alone, the purported claim for "Contract" fails.

9       In addition, to the extent Plaintiff seeks some manner of equitable relief

10  pursuant to this count, it is well settled that one who seeks equity must do equity. *See*

11  *e.g., Power & Irrigation Co. v. Capay Ditch Co.*, 226 F. 634, 640 (9th Cir. 1915); *see*

12  *also Sitanggang v. Indymac Bank, F.S.B.*, No. 09-0367 LJO SMS, 2009 WL 1286484,

13  *7 (E.D. Cal. May 6, 2009) (dismissing claim for injunctive relief because "Plaintiff

14  makes no showing that justice requires this Court's intervention on her mere claim

15  that she wishes to remain in her home although she does not pay her loan. … [H]er

16  claims are meritless and an unsubstantiated attempt to stall foreclosure.  Injunctive

17  relief to delay or preclude foreclosure serves no legitimate purpose.").  To obtain

18  equitable relief in the context of a loan transaction or to challenge a nonjudicial

19  foreclosure, a borrower must first allege tender or make a bona fide offer to tender the

20  amounts admittedly borrowed. *See Chavez v. Recontrust Company*, No. CV F08-

21  1864, 2008 WL 5210896 at *6 (holding that a plaintiff's failure to tender payment

22  owed under the note barred injunctive relief) (*quoting U.S. Cold Storage*, 165 Cal.

23  App. 3d at 1222); *see also* CAL. CODE CIV. PROC. § 1691 (requiring a borrower to

24  "[r]estore to the other party everything of value which he has received from him under

25  the contract or offer to restore the same" in order to rescind a contract under

26  California law); *Montoya v. Countrywide Bank, F.S.B.*, No. 09-00641 JW, 2009 WL

27  1813973, *11 (N.D. Cal. June 25, 2009) ("A quiet title action requires that a plaintiff

28  allege tender or offer of tender of the amounts admittedly borrowed."); *Paek v Plaza*

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

8

1 | *Home Mortgage, Inc., et al.* 2009 WL 1668576 at * 4 (dismissing claim for quiet title

2 | because plaintiff failed to discharge his debt); *Connors* v. *Home Loan Corp.*, 2009

3 | WL 1615989, *7 (S.D. Cal. June 9, 2009) ("in order to allege a cause of action to

4 | quiet title, plaintiffs must allege tender or offer of tender of the amounts admittedly

5 | borrowed"); *Andrade* v. *Wachovia Mortgage, FSB*, No. 09-377 JM, 2009 WL

6 | 1111182, *4 (S.D. Cal. Apr. 21, 2009) (dismissing claim seeking to cancel Deed of

7 | Trust because plaintiff failed to allege that she was "prepared to return the loan

8 | proceeds").

9 | The tender rule is strictly applied in California. *See Kamp v. Aurora Loan*

10 | *Services*, 2009 WL 3177636, *5 (C.D. Cal. Oct. 1, 2009) (cause of action for

11 | rescission in equity fails because plaintiffs fail to allege that they will tender).

12 | Furthermore, the tender must be made in good faith, the party making the tender must

13 | have the ability to perform, and the tender must be unconditional. *See Sitanggang v.*

14 | *Indymac Bank FSB*, 2009 WL 1286484, *2 (E.D. Cal. May 6, 2009) (dismissing

15 | claims challenging nonjudicial foreclosure sale because "Plaintiff's inability to make

16 | monthly promissory note payments reflects inability to tender amounts owed to bar

17 | her claims and requested relief [for wrongful foreclosure]").

18 | Here, Plaintiff has failed allege his ability to tender any amounts owed on the

19 | deed of trust. There would be no equity in allowing Plaintiff to cancel, void, or

20 | rescind the loans and/or deeds of trust without repaying the amounts borrowed.

21 | Accordingly, Count Two should be dismissed.

22 | **E.    Plaintiff's "Standing" Count Has No Legal Basis and Must be**

23 | **Dismissed.**

24 | Plaintiff's fourth count for "Standing" is based on Plaintiff's unfounded

25 | allegation that Deutsche Bank has no standing to foreclose on the Subject Property,

26 | because it has offered no evidence that it is the "holder's (sic) in due course,"

27 | presumably of all rights under the note secured by the deed of trust encumbering the

28 | Subject Property. (Complaint, ¶32, p. 7.) Oddly, Plaintiff contends Deutsche Bank

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

9

1  cannot be a Trustee of AHMSI because it has offered no evidence of its "authority

2  and/or power to assign authority" or otherwise transfer any rights to Deutsche Bank.

3  (Complaint, ¶33.)[2]

4      Here again, Plaintiff's fourth count must be dismissed.  First of all, Plaintiff

5  fails to state any **facts** whatsoever in the Complaint suggesting that some unauthorized

6  on inadequate transfer of rights actually occurred; who, other than Deutsche Bank,

7  was allegedly assigned the "rights" in question; why Deutsche Bank does not have

8  these rights; or any other facts to support their implausible theory that Deutsche Bank

9  lacks authority to enforce the deed of trust. *Ashcroft*, 129 S. Ct. at 1949 (the

10 minimum pleading threshold "demands more than an unadorned, the-defendant-

11 unlawfully-harmed-me accusation."). Nor, in ruling on this Motion, may the Court

12 assume Plaintiff can plead facts substantiating this theory. *Associated Gen.*

13 *Contractors of Cal., Inc.*, 459 U.S. at 526 (it is not appropriate for a court to assume

14 that a plaintiff "can prove facts which it has not alleged or that the defendants have

15 violated the . . . laws in ways that have not been alleged"); *Twombly*, 550 U.S. at 555

16 ("factual allegations must be enough to raise a right to relief above the speculative

17 level."). Plaintiff's unsupported legal conclusions are simply insufficient. *Ashcroft*,

18 129 S. Ct. at 1949 (the minimum pleading threshold "demands more than an

19 unadorned, the-defendant-unlawfully-harmed-me accusation."). As such, Plaintiff's

20 "Standing" claim is fundamentally flawed and should be dismissed with prejudice.

21      Moreover, Plaintiff's tenuous theory appears to be yet another attempted

22 iteration of the so-called "produce the note" theory that courts throughout California

23 have consistently rejected. In evaluating this theory, California courts have uniformly

24 held that "[n]o requirement exists under the statutory framework to produce the

25 original note to initiate non-judicial foreclosure." *Pantoja v. Countrywide Home*

_____

26
27 [2]    In further confusion, Plaintiff apparently fails to realize that AHMSI's role is
   that of servicer of Plaintiff's mortgage loan.  Deutsche Bank acts as trustee for a series
28 of security holders.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

10

1   *Loans, Inc.*, No. 09-01615, 2009 U.S. Dist. LEXIS 70856, *15 (N.D. Cal. July 9,

2   2009); *see also Rodriguez v. Litton Loan Servicing LP*, No. 09-00029, 2009 WL

3   1326339, *6 (E.D. Cal. May 12, 2009) ("No requirement exists under the statutory

4   framework to produce the original note to initiate non-judicial foreclosure."); *Candelo*

5   *v. NDEX West, LLC*, No. 08-1916, 2008 U.S. Dist. LEXIS 105926, *12 (E.D. Cal.

6   Dec. 23, 2008) (same); *Farahani v. Cal-Western Reconveyance Corp.*, No. 09-194,

7   2009 WL 1309732, *2 (N.D. Cal. May 8, 2009) ("[P]ossession [of the note] is not

8   required for a non-judicial foreclosure.").

9         It is well-settled that "California law does not require that the original note be in

10  the possession of the party initiating non-judicial foreclosure." *San Diego Home*

11  *Solutions, Inc. v. Reconstruct Co.*, No. 08-1970 L, 2008 U.S. Dist. LEXIS 99684, *5

12  (S.D. Cal. Dec. 10, 2008). "Therefore, the absence of an original promissory note in a

13  nonjudicial foreclosure does not render a foreclosure invalid." *Pantoja*, 2009 U.S.

14  Dist. LEXIS 70856, *15; *accord Neal v. Juarez*, No. 06-0055, 2007 WL 2140640, *8

15  (S.D. Cal. July 23, 2007) (*citing R.G. Hamilton Corp. v. Corum*, 218 Cal. 92, 97

16  (1933); *California Trust Co. v. Smead Inv. Co.*, 6 Cal. App. 2d 432, 435 (1935)).  In

17  fact, it is standard practice in the mortgage industry for beneficiaries under a deed of

18  trust to utilize an agent, such as a loan servicer—such as AHMSI—or a trustee on a

19  deed of trust, to effect a lawful non-judicial foreclosure. *See, e.g.*, Howard R.

20  Hawkins, Jr. & Ellen M. Halstead, Subprime Tempest in a Teapot: Recent Foreclosure

21  Cases, 4 PRATT'S J. BANKR. L. 58, 59-60 (2008).

22        For each of the foregoing reasons, Plaintiff's "Standing" Count must be

23  dismissed with prejudice.

24  ///

25  ///

26  ///

27  ///

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

11

1    **IV.**    <u>**CONCLUSION.**</u>

2       For the reasons discussed above, each of Plaintiff's alleged "causes of action"

3 against Defendants fails as a matter of law and should be dismissed with prejudice.

4 Alternatively, Defendants are entitled to a more definite statement of the claims

5 asserted against them so that they may reasonably prepare their response. A Proposed

6 Order granting the relief sought herein has been filed concurrently with this Motion.

7

8 Dated: March 31, 2010         LOCKE LORD BISSELL & LIDDELL LLP

9

10

11       By:

12             Conrad V. Sison

            Nina Huerta

13             Attorneys for Defendant DEUTSCHE BANK

14             NATIONAL TRUST COMPANY as Trustee

            for AMERICAN HOME MORTGAGE

15             ASSETS TRUST 2007-2 MORTGAGE

            BACKED PASS-THROUGH

16             CERTIFICATE SERIES 2007-2, its

17             assignees and/or successors and the servicing

            agent AMERICAN HOME MORTGAGE

18             SERVICING INC.

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
*Hartman v. Deutsche Bank Nation Trust Company, et al.*, Adv. No. 2:10-ap-01236-BR

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

| In re:<br>Hartman, Keith | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:10-ap-01236-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 300 South Grand Avenue, Suite 2600, Los Angeles, California 90071:

A true and correct copy of the foregoing document described <u>DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On <u>March 31, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Nasser Abujbarah, Esq., The Law Offices of Nasser U. Abujbarah, 7025 E. McDowell Road, Suite 9, Scottsdale, Arizona 85257 – VIA U.S. MAIL

United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, California 90017 – VIA U.S. MAIL
☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>March 31, 2010</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
The Honorable Barry Russell, United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street, Suite 1660
Los Angeles, California 90012 – VIA PERSONAL DELIVERY
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 31, 2010 | Antoinette Y. Taylor | *Antoinette Y. Taylor* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                **F 9013-3.1**